# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-10515
Summary Calendar

JESSE VAN MYERS

Plaintiff-Appellant

v.

ENNIS INDEPENDENT SCHOOL DISTRICT

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
(07-CV-865)

Before SMTIH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jesse Van Myers is appealing the district court's denial of his motion to proceed in forma pauperis (IFP) on appeal following the magistrate judge's order granting the defendant Ennis Independent School District (EISD) summary judgment and dismissing his complaint under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act (ADEA). 29 U.S.C. § 623(a)(1); 42 U.S.C. § 2000e(a)(1); 28 U.S.C. § 636(c). Myers is effectively challenging the district court's certification that he should not be granted IFP status because his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3).

The evidence at summary judgment showed that Myers sought to challenge EISD's hiring decision for the 2005-2006 school year more than 300 days after he learned that he had not been hired for the position. That challenge was untimely. *See* 29 U.S.C. §§ 626(d)(1)(B), 633(b); *Vadie v. Miss. State Univ.*, 218 F.3d 365, 371 (5th Cir. 2000). As for the hiring decision for the 2006-2007 school year, EISD presented summary judgment evidence that it did not hire Myers because the other candidate was more qualified, having more recent experience in both agriculture and pedagogy and more positive references. Myers's evidence of his own qualifications was insufficient to rebut that evidence. Moreover, other than his subjective opinion, Myers did not offer any evidence that EISD did not hire him because of his age or race. Thus, Myers did not satisfy his burden of showing that a genuine issue of material fact existed as to whether EISD intentionally discriminated against him based on his age or race. *See McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007); *Ross v. Univ. of Tex. at San Antonio*, 139 F.3d 521, 525-27 (5th Cir. 1998).

Because there was no genuine issue as to any material fact and EISD was entitled to judgment as a matter of law, the district court's determination that Myers's appeal was not taken in good faith was correct. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Because Myers has failed to show that he has a nonfrivolous issue for appeal, we uphold the district court's order certifying that the appeal is not taken in good faith. Myers's request to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5th Cir. R. 42.2.

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS.